UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

GEORGE R. MASGAY
CATHERINE MASGAY

    Plaintiffs,

V.                                       CIVIL ACTION NO

BUREAU OF COLLECTION RECOVERY, INC.

Defendant.                          APRIL 27, 2009

## COMPLAINT

    1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

    2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

    3. Plaintiffs are natural people who reside in Edgewater, Maryland.

    4. Plaintiffs are consumers within the FDCPA.

    5. Defendant is a debt collector within the FDCPA.

    6. Defendant is a collector within the MCDCA.

    7. Defendant communicated with Plaintiffs on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed debt.

8. Defendant failed to provide the Plaintiff's written notice pursuant to §1692g.

9. Defendant failed to provide the required notice pursuant to 1692e (11) in every oral communication the Defendant had with the Plaintiffs.

10. Defendant advised the Plaintiff Catherine Masgay that it was filing a wage execution against her husband and she needed to make a payment over the telephone, in order to stop the proceeding. The alleged debt has not yet been reduced to judgment, therefore the statement was false, deceptive and misleading when made.

11. Defendant made threats to communicate prohibited information regarding the disputed debt to 3rd parties.

12. Defendant failed to properly identify itself when leaving voice mail messages on the Plaintiffs' voice mail.

13. Defendant failed to advise the Plaintiffs' the required notice pursuant to 1692e (11).

14. Defendant used abusive language with Plaintiff Catherine Masgay.

15. Defendant called both Plaintiffs' excessively.

16. Defendant had inadequate procedures in place to avoid such error(s).

17. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f, and g.

**SECOND COUNT**

18. The allegations of the First Count are repeated and realleged as if fully set forth herein.

19. Within three years prior to the date of this action the Defendant has engaged in acts and practices as to plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA");

20. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

**WHEREFORE plaintiff respectfully requests this Court to:**

1. Award Plaintiffs statutory damages pursuant to the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.;

2. Award Plaintiff Statutory damages pursuant to Maryland Consumer Debt Collection Act § 14-204 et seq;

3. Award Plaintiff statutory damages pursuant to the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq;

4. Award the Plaintiff costs of suit and a reasonable attorney's fee;

5. Award and such other and further relief as this Court may provide.

```
```
Case 8:09-cv-01367-AW   Document 1   Filed 05/26/09   Page 4 of 4

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com